UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KELVIN KALIMOOTO and
MICHAEL SAWH,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHRIS MADISON, TAX REG. NO. 935224, and
POLICE OFFICERS "JOHN DOES 1-3", WHOSE
NAMES AND BADGE NUMBERS ARE
PRESENTLY UNKNOWN,

                Defendants.

------------------------------------------------------------X

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

## INTRODUCTORY STATEMENT

1.     The plaintiffs, KELVIN KALIMOOTO and MICHAEL SAWH, bring this action under 42 U.S.C. Sec. 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States Constitution and under the laws of the State of New York.

2.     On October 29, 2006, defendants, New York City Police Officers Chris Madison and "John Does 1-3" assaulted and battered both plaintiffs and arrested plaintiff MICHAEL SAWH without just and probable cause and issued a summons for disorderly conduct.

## JURISDICTION

3. The court has jurisdiction over plaintiffs' claim under 42 U.S.C. 1983 pursuant to 28 U.S.C. Sec.1331 and Sec 1343(3).

4. The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. Sec. 1331 and Sec. 1343(3).

5. That prior to the commencement of this action, and within ninety (90) days of the occurrence herein, plaintiffs served a notice of claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6. That more than thirty (30) days passed between the service of plaintiffs' notice of claim and the commencement of this action, and during such period of more than thirty (30) days the defendant City of New York neglected and refused to pay said claim or adjust same.

7. This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiffs' injuries, and plaintiffs have complied with all of the prerequisites for bringing this action.

## PARTIES

8. The plaintiffs are legal residents of the United States and residents of the State of New York.

9. Defendants Madison and "John Does 1-3", whose name and badge number are currently unknown, sued herein in both their official and individual capacities, are currently

and were, at all times hereafter mentioned, employed by the City of New York as New York City Police Officers. At all times relevant to this action, defendants Madison and "John Does 1-3", upon information and belief, were stationed out of the 70th Precinct of the New York City Police Department.

10. At all times relevant to this action, defendants Madison and "John Does 1-3" were assigned to work, and in fact did work, as police officers at the 70th Precinct in Kings County on October 29, 2006.

11. Defendant, the City of New York, is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies, and customs of the New York City Police Department, as well as the hiring screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

12. That this action falls within one or more the exceptions set forth in CPLR 1602.

## FACTUAL ALLEGATIONS

13. On or about October 29, 2006 at approximately 3:00 A.M., plaintiff SAWH was outside his residence at 1711 Church Avenue, in the County of Kings, in the City and State of New York.

14. As plaintiff SAWH was about to enter his residence he was confronted by Madison and John Does 2-3, pushed up against a metal fence outside 1711 Church Avenue, pushed to the ground, handcuffed and placed under arrest on a charge of disorderly conduct.

15. The plaintiff SAWH was issued a summons at the 70th Precinct and released from custody. Plaintiff subsequently received treatment for physical injuries he suffered during the course of the arrest at Kings County Hospital on October 29, 2006.

16. The plaintiff continued to be prosecuted until January 19, 2007, when all claims and/or charges against him were dismissed on the merits.

17. The plaintiff did not commit any crimes. The defendants' actions were willful, outrageous, unjustified and not predicated on probable cause.

18. Plaintiff KALIMOOTO was standing inside the hallway of his residence at 1711 Church Avenue when he was pulled out of said location by John Doe No. 1, and slammed face first into a metal grate outside said location. Plaintiff KALIMOOTO also had his left arm twisted behind his back by John Doe No. 1.

19. Plaintiff KALIMOOTO received treatment for physical injuries suffered as a result of being assaulted and battered by the defendant at Kings County Hospital on October 29, 2006.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF MICHAEL SAWH

20. As a direct and proximate result of defendants' actions plaintiff was assaulted, battered, falsely arrested, detained and maliciously prosecuted without legal cause or justification.

21. The actions of the defendants were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

22. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Sec. 1983 to be secure in his person, to be free from false arrest and malicious prosecution, assault and battery without due process, and to equal protection of the laws.

23. Defendants' actions caused plaintiff to be deprived of his liberty, suffered great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

24. As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF MICHAEL SAWH

25. Plaintiff repeats and realleges paragraphs 1-24, as if fully set forth herein.

26. As a direct and proximate result of defendants' actions on October 29, 2006, the plaintiff was falsely arrested and detained without just and probable cause and without a warrant.

27. The false arrest of the plaintiff was without any legitimate cause or justification, was intentional, malicious, reckless, in bad faith, and in violation of the laws of the State of New York..

28. Defendants' actions caused plaintiff to be deprived of his liberty, suffered

great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

29. As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MICHAEL SAWH

30. Plaintiff repeats and realleges paragraphs 1-29, as if fully set forth herein.

31. The plaintiff was prosecuted on the charge of disorderly conduct, without probable cause and with malice by the defendants. This prosecution resulted in a favorable disposition for the plaintiff.

32. Defendants' actions caused plaintiff to suffer great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of this prosecution.

33. As a result of the foregoing, the plaintiff seeks compensatory damages from all of the defendants and punitive damages from the individual defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MICHAEL SAWH

34. Plaintiff repeats and realleges paragraphs 1-33, as if fully set forth herein

35. On October 29, 2006 the plaintiff was assaulted and battered by the defendants during the course of the arrest, including but not limited to being thrown against a metal fence, tackled to the ground and having his arms twisted.

36. The assault and battery of the plaintiff was without any legitimate cause or

justification and in violation of the laws of the State of New York..

37. That by reason of the aforesaid intentional assault and battery committed by the defendants, their agents, servants and employees, acting within the scope of their authority, and without probable cause, the plaintiff suffered great bodily injury in and about his head and body. He was rendered sick, sore, lame and disabled, among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF KELVIN KALIMOOTO

38. Plaintiff repeats and realleges paragraphs 1-37, as if fully set forth herein

39. As a direct and proximate result of defendants' actions plaintiff was assaulted, and battered without legal cause or justification.

40. The actions of the defendants were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

41. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Sec. 1983 to be secure in his person, without due process, and to equal protection of the laws.

42. Defendants' actions caused plaintifft to suffer great pain and suffering and was subjected to ridicule, scorn and humiliation.

43. As a result of the foregoing, the plaintiff seeks compensatory damages from

7

all defendants as well as punitive damages from all the individual defendants.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF KELVIN KALIMOOTO

44.     Plaintiff repeats and realleges paragraphs 1-43, as if fully set forth herein.

45.     On October 29, 2006, the plaintiff was assaulted and battered by the defendants during the course of the arrest, including but not limited to being thrown against a metal fence and having his arms twisted.

46.     The assault and battery of the plaintiff was without any legitimate cause or justification and in violation of the laws of the State of New York..

47.     That by reason of the aforesaid intentional assault and battery committed by the defendants, their agents, servants and employees, acting within the scope of their authority, and without probable cause, the plaintiff suffered great bodily injury in and about his head and body. He was rendered sick, sore, lame and disabled, among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF KELVIN KALIMOOTO

48.     Plaintiff repeats and realleges paragraphs 1-34, as if fully set forth herein.

49.     That the defendant, the City of New York, was careless and reckless in hiring, retaining and training its employees; in that the defendant's employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendants failed to exercise due care and caution in its hiring practices.

8

50. That the defendant, its agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in that they failed to train their employees to act as reasonably, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendant, its agents, servants and employees were otherwise reckless, careless and negligent.

51. Defendant's actions caused plaintiff to be deprived of his liberty, suffered great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

52. As a result of the foregoing, the plaintiff seeks compensatory damages from the City of New York.

## JURY DEMAND

53. The plaintiffs respectfully demand that this proceeding be tried by a jury.

WHEREFORE, plaintiffs pray for the following relief:

1) For declaratory judgments under 28 U.S.C. Sec. 2201 declaring that the defendants, separately and in concert, violated the plaintiffs' constitutional rights; and

2) For compensatory damages against all defendants; and

3) For punitive damages against defendants MADISON and "John Does"; and

4) For attorney's fees and costs pursuant to 42 U.S.C. Sec. 1988; and

5) For other relief as is just and proper.

Dated: Brooklyn, New York
       November 30, 2007

                                                           EDWARD FRIEDMAN, ESQ.
                                                           EDF-4000
                                                           Attorney for Plaintiff
                                                           26 Court Street - Suite 1903
                                                           Brooklyn, New York 11242
                                                           (718) 852-8849